## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| J.H., | : | Case No. 1:19-cv-992 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Karen L. Litkovitz |
| vs. | : | |
| | : | |
| OHIO DEPARTMENT OF JOBS AND | : | |
| FAMILY SERVICES, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER GRANTING MOTION TO HOLD
## DECISION IN ABEYANCE (Doc. 7)

This civil case is before the Court on Plaintiff's motion to hold decision on

Plaintiff's objections in abeyance for 45 days (Doc. 7).  For the reasons stated below, the

motion is **granted**.

## I.      BACKGROUND

On December 3, 2019, Plaintiff J.H., proceeding *pro se*, filed a complaint against

several state agencies and employees, including the Ohio Department of Job and Family

Services and the Ohio Department of Medicaid, as well as the Governor of Ohio, the

Scioto County Court of Common Pleas and the Ohio Fourth District Court of Appeals

surrounding his denial of public assistance.  (Doc. 3).  On the same day, upon *sua sponte*

review pursuant to 28 U.S.C. § 1915, the Magistrate Judge issued a Report and

Recommendation recommending dismissal of Plaintiff's complaint on several grounds.

(Doc. 4).

First, the Magistrate Judge found Plaintiff's claims against the Scioto County Court of Common Pleas and the Ohio Fourth District Court of Appeals barred under 42 U.S.C. § 1983, as Ohio courts are not legal entities capable of being sued under the statute.  (Doc. 4 at 4).  Second, the Report and Recommendation found that Plaintiff's claims against the individual judges of these two courts are barred by judicial immunity.  (*Id.* at 4).  Third, the Report concluded that Plaintiff failed to allege facts showing how any of the named defendants participated in the alleged constitutional and statutory violations.  (*Id.*at 5-6).  Without alleging the specific actions of the defendants and with many of Plaintiff's allegations amounting to legal conclusions, the Magistrate Judge found that Plaintiff's complaint failed to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).  (*Id.*).

Plaintiff filed objections to the Report and Recommendation on December 17, 2019.  (Doc. 5).  Before this Court ruled on the Report and Recommendation and objections, Plaintiff retained counsel and, on February 4, 2020, filed a motion to hold the decision on Plaintiff's objections in abeyance for 45 days to allow Plaintiff's counsel time to investigate Plaintiff's claims and to file an amended complaint.  (Doc. 7).

## II.  STANDARD OF REVIEW

Rule 15 provides that a "court should freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Moreover, the Sixth Circuit has held that "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  *United States ex rel. Bledsoe v. Cmty. Health Sys.*, 342 F.3d 634, 644 (6th

Cir. 2003) (quoting *EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993)). However, denial of an amendment may be appropriate where there is "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendments . . . ." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998).

### III.  ANALYSIS

Although Plaintiff's motion to amend comes after entry of the Report and Recommendation, the Court has not yet entered a final judgment in the case.  Thus, the lenient standard of Rule 15 governing motions to amend applies.  *See Tolliver v. Noble*, 752 F. App'x 254, 263-64 (Oct. 12, 2018).

Plaintiff has not filed a proposed amended complaint for the Court's review; however, Plaintiff's motion sets forth additional facts, that if accepted as true, may suffice to state a claim upon which relief can be granted.  In addition, because the record indicates that Plaintiff's complaint was not served on Defendants, who have not yet responded in any way to the complaint, Plaintiff may file an amended complaint without leave of court pursuant to Rule 15(a)(1).  *See id.* at 261 (finding plaintiff could file an amended complaint as a matter of right at any time before his complaint was dismissed under Rule 15(a)(1) where the complaint had not yet been served and where defendants had not responded to the complaint).  Should the Plaintiff choose to file an amended complaint, he should bear in mind the need to correct the deficiencies noted in the Report and Recommendation.

## IV.  CONCLUSION

Based upon the foregoing, Plaintiff's motion to hold decision on Plaintiff's objections in abeyance for 45 days (Doc. 7) is **GRANTED** as follows: The case is hereby **STAYED** until **May 8, 2020**, and Plaintiff has leave to file an amended complaint on or before that date.  If no amended complaint is filed by May 8, 2020, the Court will proceed to adjudicate the pending Report and Recommendation (Doc. 4) and Plaintiff's objections (Doc. 5).

**IT IS SO ORDERED.**

Date:  3/24/2020                              */s/ Timothy S. Black*
                                             Timothy S. Black
                                             United States District Judge