**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**J.H.,**

    **Plaintiff,**

    v.

**OHIO DEPARTMENT OF JOB
AND FAMILY SERVICES, et al.,**

    **Defendants.**

**Case No. 2:21-cv-206
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson**

### OPINION AND ORDER

This matter, which was transferred to this Court on January 20, 2021, (Doc. 45), is before the Court on Plaintiff's Motion for Leave to Amend Complaint. (Doc. 37). For the reasons that follow, Plaintiff's Motion is **GRANTED**. The Clerk shall file Document Number 37-1 as the Second Amended Complaint. The parties are **ORDERED** to meet and confer and file a proposed case schedule within fourteen (14) days of the date of this Opinion and Order.

**I.    BACKGROUND**

This is a case for alleged violation of Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), and Section 1983 of the Civil Rights Act. (*See generally* Doc. 11). Plaintiff, who is autistic and has difficulty verbally communicating, received food assistance through Supplemental Nutrition Assistance Program ("SNAP"), along with Medicaid benefits. (*Id.*, ¶ 2). In August 2016, "[f]acing the termination of his benefits," Plaintiff requested that his state hearing be in writing, and he checked a box indicating he required assistance at the hearing. (*Id.*, ¶ 3).

According to Plaintiff, neither the Ohio Department of Job and Family Services ("ODJFS"), which administers SNAP nor the Ohio Department of Medicaid ("ODM") responded to his requests for assistance or a written hearing. (*Id*., ¶ 4). Rather, they set a hearing for the next month, and Plaintiff did not attend in person or telephonically. (*Id*., ¶ 5). So ODJFS and ODM determined that Plaintiff had abandoned his right to a state hearing. (*Id*.).

Plaintiff appealed, explaining that his disabilities prevented him from appearing at the hearing in person or by telephone. (*Id*., ¶ 6). ODJFS and ODM maintain that state hearing rules do not permit submissions in writing. (*Id*., ¶ 7). Plaintiff, proceeding pro se, filed this action in federal court in Cincinnati in November 2019. (Doc. 1). Upon initial screening, the Court recommended dismissing Plaintiff's complaint on numerous grounds, including immunity and failure to state a claim. (Doc. 4). Plaintiff obtained counsel the next month and filed an amended complaint in May 2020. (Doc. 11). In his amended complaint, Plaintiff alleges that ODJFS and ODM, as well as their directors, violated his statutory and constitutional rights. (*See generally* Doc. 11). Broadly speaking, he says that the ADA and the Rehabilitation Act required Defendants to "give deference" to his "choice of auxiliary aid or services for purposes of assisting [him] in his [] communications with [them]." (*Id*., ¶ 8).

The Court subsequently withdrew its recommendation dismissing Plaintiff's complaint. (Doc. 12). In July 2020, Defendants moved to change venue and to dismiss for failure to state a claim. (Docs. 25, 26). In response to Defendants' Motion to Dismiss, Plaintiff sought leave to file a second amended complaint to "address[] and cure[]" "pleading deficiencies" that Defendants raised in their Motion to Dismiss. (Doc. 37). Months later, on January 20, 2021, this matter was transferred here. Plaintiff's Motion for Leave to Amend (Doc. 37) is fully briefed and ripe for resolution.

## II. STANDARD

Because there is no scheduling order in this case, Rule 15(a)(2) of the Federal Rules of Civil Procedure applies. It provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Thus, the trial court enjoys broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

Plaintiff seeks leave to amend to cure "legitimate pleading defects" that Defendants identify in their Motion to Dismiss. (Doc. 37 at 4). Specifically, he seeks to:

- allege that Defendants discriminated against him solely because of his disability;
- state a claim for damages against Defendants in their individual and official capacities;
- identify a fundamental right that was burdened; and
- allege the necessary elements to state a claim for an equal protection violation.

(*Id*. at 4–5; *see also* Doc. 37-1).

Defendants raise a single argument against amendment—futility. (*See generally* Doc. 39). To start, they assert that Plaintiff's claims are time-barred. (Doc. 39 at 2–9). Additionally, they contend that Plaintiff's proposed amendments fail to state a claim for: intentional discrimination, equal protection or procedural due process violations, and punitive or compensatory damages. (*See id*. at 9–15).

"'At this stage of the litigation, this Court is charged with determining whether the futility of an amendment is so obvious that it should be disallowed.'" *Ewalt v. Gatehouse Media Ohio Holding II, Inc.*, No. 2:19-CV-4262, 2020 WL 1904744, at *1 (S.D. Ohio Apr. 17, 2020) (quoting *Bear v. Delaware Cnty., Ohio*, No. 2:14-CV-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015)). Plaintiff's proposed amendments are not, on their face, futile, and meet this low bar as a result. For example, regarding Defendants' statute of limitations argument, the parties rely on competing case law concerning "the continuing violation" exception. (*See* Doc. 39 at 5–9; Doc. 43 at 3–4). And it is not immediately apparent that Plaintiff's claims are time-barred. Similarly, upon review, Plaintiff's intentional discrimination, equal protection, procedural due process, and damages claims are not futile on their face. (*See generally* Doc. 37-1).

"Any further scrutiny would require the Undersigned to directly address the merits of the complaint." *Ewalt*, 2020 WL 1904744, at *1 (citing *Bear*, 2015 WL 1954451, at *3); *see also Brown v. Worthington Steel, Inc.*, 211 F.R.D. 320, 323 (S.D. Ohio 2002) ("A court will not ordinarily consider the merits of a proposed amended complaint in ruling on a motion for leave to amend unless it appears to be frivolous."). Rather, "[i]t is 'the better exercise of discretion to permit the amendment' and allow Defendant[s] to address the sufficiency of the pleadings in a dispositive motion before the District Judge." *Ewalt*, 2020 WL 1904744, at *1 (citing *Bear*, 2015 WL 1954451, at *3). And while Defendants' Motion to Dismiss is fully briefed and ripe for

4

resolution, this Court prefers to adjudicate claims on their merits rather than the technicalities of the pleadings. *Inge*, 388 F.3d at 936; *see also Vision Real Estate Inv. Corp. v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:18-CV-0014, 2018 WL 10228378, at *5 (M.D. Tenn. Sept. 28, 2018) (holding that, because "the amendments Plaintiffs seek to make are at least arguably sufficient to correct the deficiencies argued by Defendants in their motions to dismiss[,]" amendment should be permitted to "allow further consideration [by the district court judge] of the Defendants' arguments").

Finally, Defendants do not allege, and there is no evidence of, Plaintiff's bad faith or dilatory motive. Nor would amendment at this juncture unduly prejudice Defendants. Indeed, it appears that the parties have yet to engage in discovery. With these additional factors in mind, and in light of the federal policy in favor of liberal amendment, Plaintiff should be granted leave to amend.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion (Doc. 37) is **GRANTED**. The Clerk shall file Document Number 37-1 as the Second Amended Complaint. The parties are **ORDERED** to meet and confer and file a proposed case schedule within fourteen (14) days of the date of this Opinion and Order.

IT IS SO ORDERED.


Date: February 2, 2021                    /s/Kimberly A. Jolson
                                          KIMBERLY A. JOLSON
                                          UNITED STATES MAGISTRATE JUDGE