## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

J.H.,

               **Plaintiff,**                  **Case No. 2:21-cv-206**

      **v.**                           **Judge Michael H. Watson**

**Ohio Department of Job and**      **Magistrate Judge Jolson**
**Family Services, _et al._,**

               **Defendants.**

## <u>OPINION AND ORDER</u>

J.H. ("Plaintiff") sued the Ohio Department of Job and Family Services and several other entities (collectively "Defendants"). Second Amend. Compl., ECF No. 48. Plaintiff's claims arose out of a hearing on the termination of Plaintiff's food assistance and Medicaid benefits. _Id._ Plaintiff asserted claims under the Americans with Disabilities Act, the Rehabilitation Act, and a constitutional claim under 42 U.S.C. § 1983. _Id._

Defendants moved to dismiss the Complaint. ECF No. 52. The Court granted the motion because it concluded all of Plaintiff's claims were barred by the statute of limitations. ECF No. 66. Plaintiff filed a timely notice of appeal, ECF No. 68, but the United States Court of Appeals for the Sixth Circuit dismissed the appeal for lack of prosecution. ECF No. 73.

In September 2022, Plaintiff moved in this Court for relief from judgment under Federal Rule of Civil Procedure 60. ECF No. 74. Nearly two months later,

the Sixth Circuit reinstated Plaintiff's appeal. ECF No. 77. The Court now turns to Plaintiff's Rule 60 motion.

## I.

A timely notice of appeal generally divests the district court of jurisdiction unless and until the case is remanded by the Court of Appeals. *See, e.g., Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) *superseded by rule on other grounds* ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (citing cases)).

There is conflicting Sixth Circuit caselaw as to whether, as an exception to this rule, a district court may consider motions under Federal Rule of Civil Procedure 60(b) during the pendency of an appeal.[1] On the one hand, the Sixth Circuit has instructed that it "has carved out an exception to [the general rule] that allows a District Court to entertain a motion for relief from judgment after an appeal has been filed if it so chooses." *Dunham v. United States*, 486 F.3d 931, 935 (6th Cir. 2007). On the other, it has also held that when a Rule 60(b) motion is filed after a notice of appeal, "the district court [has] no jurisdiction to entertain the motion." *United States v. Demjanjuk*, 128 F. App'x 496, 497 (6th Cir. 2005);

---

[1] Because a reinstatement order relates "back to the date of the prior judgment," Plaintiff filed his Rule 60(b) in what is now the pendency of the appeal. *Jackson v. Tennessee Val. Auth.*, 595 F.2d 1120, 1121 (6th Cir. 1979).

*see also Adkins v. Jeffreys*, 327 F. App'x 537, 539 (6th Cir. 2009) ("At the time of the filing of [the plaintiff's] Rule 60(b) motion, he already had an appeal pending in this court which deprived the district court of jurisdiction to rule on the motion. . . .").

Here, the Court need not decide which of these lines of cases is correct. Even those cases holding that the Court would have jurisdiction explain that the "decision of whether to hear this type of post-judgment motion while an appeal is pending is within the District Court's discretion, and there is no error where the District Court decides to let the appeal run its course." *Dunham*, 486 F.3d at 935.

In Plaintiff's motion, he challenges, *inter alia*, the validity of the Court's statute-of-limitations conclusions. *See, e.g.*, Mot. 13–24, ECF No. 74. These challenges are better suited to an appeal than a Rule 60(b) motion. *Cf. Hall v. Stine Seed Co.*, No. 218CV02265JTFTMP, 2019 WL 12762521, at *2 (W.D. Tenn. Oct. 11, 2019) (ruling on a Rule 59(e) motion to alter or amend a judgment and explaining then when "the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal" (internal quotation marks and citations omitted)). Indeed, it appears that Plaintiff may argue on appeal at least some of the same issues he presents in the Rule 60(b) motion. *Compare* Mot., ECF No. 74 *with* Petition, ECF No. 15, Appellate Case No. 21-4016. Under these circumstances, the Court will "let the appeal run its course." *Dunham*, 486. F. 3d at 935.

## II.

For these reasons, Plaintiff's motion is **DENIED**.  The Clerk shall terminate

ECF No. 74.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**